### [No. 1866.]

### BLANCHARD v. THE BOARD OF COUNTY COMMISSIONERS OF CHAFFEE COUNTY.

1. SALARIES AND FEES—OFFICERS' FEE FUNDS—CONSTITUTIONAL LAW—COUNTY WARRANTS.

Section 22 of the act fixing the salaries of county officers (Session Laws, 1891, page 307), which requires county officers to pay over all fees to the county treasurer to be by him kept in separate funds known as fee funds, is in violation of section 15, article 14 of the constitution by the terms of which in case salaries are provided to be paid out of the fees of office, only the fees in excess of such salaries shall go into the county treasury. A sheriff's fee fund attempted to be created under said section 22 has no legal existence, and a warrant drawn against such fund is void.

2. SALARIES AND FEES—OFFICER'S FEE FUND—COUNTY WARRANTS—ASSIGNMENTS OF.

A county warrant drawn in favor of the sheriff against the sheriff's fee fund, although void as a county warrant, is an acknowledgment of an indebtedness by the county, and an assignment of such warrant is sufficient proof of the assignment of the debt and such assignee may maintain an action against the county for such indebtedness.

*Appeal from the District Court of Chaffee County.*

Mr. WALLACE SCHOOLFIELD, for appellant.

Mr. G. K. HARTENSTEIN, for appellee.

THOMSON, J.

On the 5th day of October, 1893, the county of Chaffee was indebted to Hugh Crymble, the sheriff of that county, on account of mileage, in the sum of $636.95. The services out of which the debt arose were rendered for the county. On that day there was a settlement between Crymble and the board of commissioners of the county, at which the above amount was allowed to him by the board, and to enable him to receive his money, a warrant, payable out of a fund, called the "Sheriff's Fee Fund," was ordered to be drawn in his favor. A warrant was accordingly so drawn and delivered to him, of which the following is a copy:

"State of Colorado, Chaffee County,
Board of County Commissioners.
"$636.95.                                "October 5th, 1893.
"Treasurer of said county:
"Pay Hugh Crymble or bearer, Six Hundred Thirty-Six and 95–100 Dollars for mileage out of moneys on Deposit belonging to the Sheriff's Fee Fund.
"THOS. J. EHRHART,
"Chairman Board of County Commissioners."
"Attest:
"W. S. O'BRIEN,
"No. 57.    County Clerk."

On the 9th day of January, 1894, the county was indebted to Crymble, as sheriff, on account of mileage, in the further sum of $179. This claim also arose out of services rendered for the county. On the last named day, there was a settlement between him and the board of county commissioners, at which the above sum of $179 was duly allowed to him; and to enable him to obtain his money, a warrant payable out of the "Sheriff's Fee Fund" was ordered to be drawn in his favor. Pursuant to the order, a warrant was so drawn and delivered to him, of which the following is a copy:

" State of Colorado, Chaffee County,
Board of County Commissioners.

" $179.00     .                    " January 10th, 1894.

" Treasurer of said county.

" Pay Hugh Crymble, or bearer, One Hundred, Seventy-Nine and no–100 Dollars for mileage out of moneys on Deposit belonging to the Sheriff's Fee Fund.

" Thos. J. Ehrhart,

" Chairman Board of County Commissioners.

" Attest :

" Wm. W. Fay,

" No. 66.   County Clerk."

Crymble presented the first warrant on the 6th day of October, 1893, and the second, on the 11th day of January, 1894, to the county treasurer for payment, and that officer indorsed upon the back of each warrant, " No Funds." Afterwards, on the 29th day of May, 1894, Crymble sold and assigned both these warrants to T. C. E. Blanchard, the plaintiff herein. From the time of the issue of the warrants, there never was in the so-called " Sheriff's Fee Fund," an amount sufficient to pay either of them.

An act of the legislature, approved April 6, 1891 (Session Laws, 1891, p. 307), fixed the salaries of county officers, and made their salaries payable out of their statutory fees. Section 22 of the act provided that all funds collected by such officers should be paid over to the county treasurer, and be kept by him in separate funds, each fund to be designated with reference to the office to whose credit it should be deposited,—that pertaining to the office of sheriff being called the " Sheriff's Fee Fund,"—and that the salary of each officer should be paid out of the fund belonging to his office and no other. The fund named in the warrants, in so far as it was a fund at all, owed its existence to an attempted compliance with the terms of this act. But it was held by the supreme court in *Airy v. The People* 21 Colo. 144, that the provision requiring those officers to pay the total amount of funds col-

lected by them, into the county treasury, was in conflict with section 15 of article 14 of the constitution, by the terms of which, in case salaries should be provided, payable out of fees, only the fees collected above the amount of the salary should go into the county treasury. According to that decision these several funds out of which officers' salaries were to be paid, were without authority of law, and the " Sheriff's Fee Fund," against which the warrants in question were drawn, had no legal existence. After the supreme court had thus spoken, the fund against which the warrants were drawn was discontinued, and the realization of money upon them, according to their terms, became impossible.

The plaintiff seeks in this action to recover the amount due his assignor. The complaint sets forth the warrants; alleges the indebtedness upon which they were issued; avers that that indebtedness remains unpaid; and demands judgment for the amount.

The indebtedness of the county to Crymble for services as sheriff, is not denied, and even if it were, is conclusively established. By the issue and delivery of the warrants, even if they had been valid, the debt was not paid. *People v. County Commissioners*, 11 Colo App. 124. But these warrants were not valid, because they were not drawn against any legal fund. While a so-called " Sheriff's Fee Fund " was carried upon the books of the county, it never contained sufficient money to satisfy them, or either of them, or if it did, the sheriff refused to apply it upon them, as, the warrants being unauthorized, he might lawfully do; and after the fund was discontinued, of course it could yield no money. There was no authority of law for these warrants, for the purpose of withdrawing money from the treasury they were legally worthless, and at all times after the allowance of Crymble's claim by the board, a right of action existed for its collection.

But it is contended that there was no proof of the assignment of the debt to the plaintiff. The assignment of an evidence of debt carries the debt. While these warrants were worthless as such, and no action could have been maintained

upon them, it appears from their face that Crymble had rendered services to the county for which he had not been paid and their effect is an acknowledgment by the board that the county was indebted to Crymble for mileage in the sums which they specified. They were therefore evidences of the indebtedness of the county to him, and their assignment to the plaintiff invested him with the ownership of the debt, and the right to maintain an action upon it.

The judgment is reversed.

*Reversed.*